Regina A. **WHITE**, Plaintiff–Appellant,

v.

Jo Anne B. **BARNHART**, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 04–55154.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Nov. 3, 2005.

Law Offices of Lawrence D. Rohlfing, Santa Fe Springs, CA, for Plaintiff–Appellant.

Gwendolyn Millicent Gamble, Esq., Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: TASHIMA and FISHER, Circuit Judges, and SHADUR, Senior District Judge.*

MEMORANDUM **

Regina A. White ("White") appeals the district court's affirmance of Commissioner Barnhart's denial of disability benefits. White argues that in finding her "not disabled" the Administrative Law Judge ("ALJ") improperly relied solely on the Social Security Administration's "Medical Vocational Guidelines" ("Grids"). As the parties are familiar with the facts, we do not recite them in detail. We reverse the district court's judgment and order a remand to the Commissioner for reconsideration of White's disability after consultation with a vocational expert.

Social Security Ruling ("SSR") 96–9p makes clear that the medically required use of a cane or other "hand-held assistive device" can erode a claimant's occupational base so that an ALJ may not rely on the Grids alone in determining whether that claimant is "disabled" for Social Security purposes. Here the record lacks the substantial evidence that is required to support the ALJ's finding.

In his evaluation of White, Dr. Workmon (whose medical opinion was the one relied on by the ALJ) found that she used a cane for ambulation, that she could walk without it for only a short distance and that when she did not use her cane she had "rather severe pain" (*see* ER 302–03). Although Dr. Workmon found that White could stand or walk for up to (but no more than) two to three hours in an eight-hour workday, he did not rule out the continued need for her to use a cane for that purpose (*see* ER 306). Given the confusing and ambiguous wording of the residual functional capacity form (*see* ER 307), Dr. Workmon's failure to check the "medically required hand-held assistive device" box does not constitute substantial evidence that White's use of a cane is not medically required.

Because there is thus insufficient evidence that White's use of a cane is not required for the extent of her capacity to stand or walk as specified in Dr. Workmon's opinion, the ALJ should not have relied on the Grids alone, but should have sought the opinion of a vocational expert as to what effect White's limitations place on her ability to perform jobs existing in significant numbers in the national economy (*see Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir.1999)). We therefore reverse the district court's affirmance of the Commissioner's ruling and remand this action to the district court so that it may in turn remand the case to the Commissioner for reconsideration of White's disability status after appropriate consultation with a vocational expert.

REVERSED AND REMANDED.

---

* The Honorable Milton I. Shadur, Senior Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.